UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| BETTY JO PHEIFFER, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>                v.<br><br>VOLKSWAGEN AG, VOLKSWAGEN GROUP OF AMERICA, INC., SCOTT KEOGH, and MARK GILLIES,<br><br>                Defendants. | Case No. 1:22-cv-00045-RDA-TCB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BETTY JO PHEIFFER FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 3

ARGUMENT ............................................................................................................................. 5

    I.      PHEIFFER SHOULD BE APPOINTED LEAD PLAINTIFF ............................... 5

           A.     Pheiffer Is Willing to Serve as a Class Representative and Has Timely Filed This Motion to Be Appointed Lead Plaintiff. ....................... 6

           B.     Pheiffer Has the "Largest Financial Interest" in the Action. ..................... 7

           C.     Pheiffer Otherwise Satisfies the Requirements of Rule 23......................... 8

           D.     Pheiffer Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses............................................. 9

    II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................ 10

CONCLUSION........................................................................................................................ 12

i

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Chamblee v. Terraform Power, Inc.*,
   No. PX 16-981, 2016 U.S. Dist. LEXIS 98619 (D. Md. July 28, 2016) ...................................8

*Hirtenstein v. Cempra, Inc.*,
   Nos. 1:16cv1303 *et al.*, 2017 U.S. Dist. LEXIS 103799
   (M.D.N.C. July 5, 2017) ..........................................................................................................8

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .....................................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878
   (E.D.N.Y. Mar. 2, 2007) ...................................................................................................7, 10

*In re Microstrategy Sec. Litig.*,
   110 F. Supp. 2d 427 (E.D. Va. 2000) ....................................................................................10

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................................7

*Johnson v. Pozen, Inc.*,
   No. 1:07CV599, 2008 U.S. Dist. LEXIS 12004 (M.D.N.C. Feb. 15, 2008) .......................8, 9

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ...........................................................................................10

*Lax v. First Merchants Acceptance Corp.*,
   Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997). ....................7

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
   No. 10-cv-00302-MRPMAN (C.D. Cal.) ..............................................................................11

*New Jersey Carpenters Health Fund v. Residential Capital, LLC*,
   No. 08-cv-8781 (HB) (S.D.N.Y.) ..........................................................................................11

*New Jersey Carpenters Health Fund v. The Royal Bank of Scotland Group, plc*,
   No. 08-cv-05310-DAB-HBP ................................................................................................11

*Rice v. Genworth Fin. Inc.*,
   No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110 (E.D. Va. Aug. 25, 2017) ..............................9

*Rubin v. MF Global, Ltd.*,
   No. 08-cv-2233 (VM) (S.D.N.Y.) ..........................................................................................11

*Tchatchou v. India Globalization Capital, Inc.*,
    No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329
    (D. Md. Feb. 28, 2019) ........................................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)........................................................................10

*Weiss v. York Hosp.*,
    745 F.2d 786, 810 n.36 (3d Cir. 1984).................................................................................8

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................... passim

Private Securities Litigation Reform Act of 1995 .................................................................. passim

Securities Exchange Act of 1934........................................................................................... passim

**Rules**

Fed. R. Civ. P. 23................................................................................................................2, 5, 8

Betty Jo Pheiffer ("Pheiffer") respectfully submits this memorandum of law in support of her motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Pheiffer as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Volkswagen AG ("Volkswagen" or the "Company") American depositary receipts ("ADRs") between March 29, 2021 and March 30, 2021, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selections of Pomerantz LLP ("Pomerantz") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The initial complaint in the above-captioned action (the "Action") alleges a significant fraud perpetrated on investors in Volkswagen ADRs during the Class Period, arising from Defendants' misrepresentations concerning a purported prank in which the Company advertised that it was changing its name from *Volks*wagen of America to *Volts*wagen of America. The ability of Volkswagen investors to recover their losses arising from the alleged fraud rests upon the Court's appointment of the most qualified Lead Plaintiff and their selection of counsel pursuant to the procedures set forth in the PSLRA. Pheiffer is the best choice to serve as Lead Plaintiff. Likewise, her chosen Lead Counsel and Liaison Counsel—respectively, Pomerantz and Cohen Milstein—will devote the resources and expertise necessary to zealously prosecute this litigation.

During the Class Period, Defendants allegedly defrauded investors, in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by

misrepresenting Volkswagen's business and operations. After the truth emerged in late March 2021, the price of Volkswagen ADRs plummeted, devastating the investments by Pheiffer and the other Class members.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Pheiffer, who incurred losses of approximately $912 in connection with her Class Period purchases of Volkswagen ADRs, believes that she has the largest financial interest in the relief sought in the Action. *See* Declaration of Steven J. Toll in Support of Motion ("Toll Decl."), Exhibit ("Ex.") A.

Beyond her considerable financial interest, Pheiffer also meets the applicable requirements of Rule 23 because her claims are typical of absent Class members and she will fairly and adequately represent the interests of the Class.

To fulfill her obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Pheiffer has selected Pomerantz as Lead Counsel, and Cohen Milstein as Liaison Counsel, for the Class. These firms and their attorneys are highly experienced in the area of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, based on her significant financial interest, her satisfaction of the applicable requirements of Rule 23, and her commitment to overseeing this litigation, Pheiffer respectfully requests that the Court enter an order appointing her as Lead Plaintiff for the Class and approving her selections of Lead Counsel and Liaison Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the complaint in the Action, Volkswagen AG (known internationally as the Volkswagen Group) is one of the world's leading automobile manufacturers and the largest carmaker in Europe.

On March 15, 2021, Volkswagen staged a so-called Power Day to showcase its latest electric car technology. The event was Volkswagen's answer to Tesla's Battery Day presentations, which draw intense attention from investors and electric car buffs. Volkswagen also unveiled plans to build six battery factories in Europe in joint ventures with suppliers, with 18,000 charging stations on the continent by 2025. During the Power Day, Herbert Diess, the Chairman of the Volkswagen brand Board of Management, revealed that "[e]-mobility has become core business for [Volkswagen]."

After Volkswagen emphasized its electric vehicle efforts on March 15, 2021, its U.S. subsidiary, Volkswagen Group of America, Inc., announced its name change from **Volks**wagen of America to **Volts**wagen of America in a series of announcements via its press releases, changes on its social media channels, and tweets via Volkswagen's and Defendant Scott Keogh's Twitter accounts. What was later described as an April Fool's prank or joke came across to the market, journalists, investors, and analysts, as a serious step forward in electric vehicle development for Defendants.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the name "Voltswagen" was never going to be used by the Company's U.S. subsidiary; (ii) the Company and its spokespeople purposefully misled reporters, even after the reporters' inquiries about whether the

3

name change was an April Fool's joke; and (iii) as a result, Defendants' public statements and statements to journalists were materially false and/or misleading at all relevant times.

On March 30, 2021, still two days before April Fool's Day on April 1, the *Wall Street Journal* ("*WSJ*") reported that a spokesman for the Company in Wolfsburg, Germany stated that "[t]he whole thing was just a marketing action to get people talking about the ID.4." The *WSJ* also quoted a Company's official back in Germany: "[t]here will be no name change."

On March 31, 2021, further reports regarding how the Company's spokespeople purposefully misled reporters were published. For example, *ABC News* published an article entitled "An unwelcome prank: Volkswagen purposely hoodwinks reporters. Journalists are wary of looking out for pranksters around April Fool's Day, but this time it came from a multi-billion dollar corporation."

The price of Volkswagen ADRs plummeted on this news, falling 3.84%, or $1.45 per share, to close at $36.3 per share on March 31, 2021 (from a closing price of $37.75 per share on March 30, 2021), damaging investors.

In an April 1, 2021 article, entitled "Volkswagen's April Fools' Stunt Misses the Mark—and an Opportunity to Earn Back Trust," *Forbes* reported, in relevant part:

> Earlier this week, Volkswagen had the auto and media industries buzzing when it put out an official press release claiming that it was changing the name of its American division to Voltswagen.
>
> The stunt certainly did create some buzz: According to data compiled by social media analytics company Sprinklr, "Voltswagen" had been mentioned 6,045 times—on Twitter, Instagram, Facebook, Reddit, news sites and blogs—and reaching 150 million people as of Wednesday evening. However, many have criticized Volkswagen for misleading the public, especially in the wake of its diesel emissions scandal. Some marketers also point out that it missed an opportunity to demonstrate just how serious the company is about its EV efforts and helping to mainstream new technology.

4

A Volkswagen executive told *Forbes* via email that the **collaboration between corporate headquarters and Volkswagen of American** was an "interesting marketing story to electrify people around the world to stage and position Volkswagen brand as a global market leader."

Kari Shimmel, chief strategy officer at Detroit-based advertising agency Campbell Ewald, says understanding the target audience is the key to landing a joke. ***But the real danger comes when the company doesn't go far enough and what was meant to be a stunt is too closely aligned with reality and then becomes confusing or misleading***.

(Emphases added.)

The price of Volkswagen ADRs continued to fall as the market continued to process the news about the purported name change. The Company's ADR price fell 1.98%, or $0.72 per share, to close at $35.58 per share on April 1, 2021 (from a closing price of $36.3 per share on March 31, 2021), damaging investors.

In total, Volkswagen's ADR price fell by $2.17 per share, or 5.75%, over the course of two trading days from March 31, 2021 through April 1, 2021, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's ADRs, Pheiffer and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. PHEIFFER SHOULD BE APPOINTED LEAD PLAINTIFF

Pheiffer should be appointed Lead Plaintiff because, to the best of her knowledge, Pheiffer has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Pheiffer satisfies all three of these criteria and thus is entitled to the presumption that she is the most adequate plaintiff among Class members and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Pheiffer Is Willing to Serve as a Class Representative and Has Timely Filed This Motion to Be Appointed Lead Plaintiff.

On January 14, 2022, Pomerantz, counsel for the plaintiff in the Action, Pheiffer, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in Volkswagen ADRs that they had until March 15, 2022—*i.e.*, 60 days from the date of the PSLRA Notice—to file a motion to be appointed as Lead Plaintiff. *See* Toll Decl., Ex. B.

Pheiffer has timely filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification executed by her attesting that she is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Pheiffer satisfies the first requirement to serve as Lead Plaintiff of the Class.

6

### B. Pheiffer Has the "Largest Financial Interest" in the Action.

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of her knowledge, Pheiffer has the largest financial interest of any Volkswagen investor seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *see also Tchatchou v. India Globalization Capital, Inc.*, No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329, at *11-12 (D. Md. Feb. 28, 2019); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-25 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, Pheiffer: (1) purchased 411 Volkswagen ADRs; (2) expended $15,002 on her purchases of Volkswagen ADRs; (3) retained 411 of her Volkswagen ADRs; and (4) as a result of the disclosures of the fraud, suffered losses of $912 in connection with her Class Period transactions in Volkswagen ADRs. *See* Toll Decl., Ex. A. To the extent that Pheiffer possesses the largest financial interest in the outcome of this litigation, she is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

7

### C.     Pheiffer Otherwise Satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, at this stage of the litigation, only a *prima facie* showing of typicality and adequacy is required. *Chamblee v. Terraform Power, Inc.*, No. PX 16-981, 2016 U.S. Dist. LEXIS 98619, at *4-5 (D. Md. July 28, 2016); *Hirtenstein v. Cempra, Inc.*, Nos. 1:16cv1303 *et al.*, 2017 U.S. Dist. LEXIS 103799, at *8-9 (M.D.N.C. July 5, 2017).

"The typicality requirement of the rule requires that a Lead Plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues." *Johnson v. Pozen, Inc.*, No. 1:07CV599, 2008 U.S. Dist. LEXIS 12004, at *5 (M.D.N.C. Feb. 15, 2008) (quoting *Weiss v. York Hosp.*, 745 F.2d 786, 810 n.36 (3d Cir. 1984)). Pheiffer's claims are typical of those of the Class. Pheiffer alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Volkswagen. Pheiffer, as did all Class members, purchased Volkswagen ADRs during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Volkswagen's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

8

"Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members." *Pozen*, 2008 U.S. Dist. LEXIS 12004, at *5; *see also Rice v. Genworth Fin. Inc.*, No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110, at *19-20 (E.D. Va. Aug. 25, 2017). As set forth in greater detail below, Pheiffer has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits her choices of Pomerantz and Cohen Milstein to the Court for approval as Lead Counsel and Liaison Counsel, respectively, for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz and Cohen Milstein, Pheiffer is also represented by the Portnoy Law Firm in this Action. There is no evidence of antagonism or conflict between Pheiffer's interests and the interests of the Class. Pheiffer has submitted a signed Certification declaring her commitment to protect the interests of the Class (*see* Toll Decl., Ex. C), and the significant losses incurred by Pheiffer demonstrate that she has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

### D. Pheiffer Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses.

The presumption in favor of appointing Pheiffer as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Pheiffer's ability and desire to fairly and adequately represent the Class has been discussed above. Pheiffer is not aware of any unique defenses Defendants could raise that would render her

9

inadequate to represent the Class. Accordingly, Pheiffer should be appointed Lead Plaintiff for the Class.

## II. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 438 (E.D. Va. 2000) ("[A] district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources . . . ."); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Pheiffer has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Toll Decl., Ex. D. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

10

Cohen Milstein is also well-qualified to serve as Liaison Counsel for the Class in the Action. As its firm resume reflects, Cohen Milstein has worldwide expertise as counsel for U.S. and non-U.S. institutional investors who have been the victims of securities fraud. By applying innovative legal theories and litigation strategies, it has recovered billions of dollars for its clients in some of the largest and most complex securities class actions. Significant securities settlements obtained by Cohen Milstein, acting as lead or co-lead counsel, include a $500 million settlement in the Countrywide mortgage-backed securities ("MBS") class action (*Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 10-cv-00302-MRPMAN (C.D. Cal.)); a $275 million settlement in an MBS class action against the Royal Bank of Scotland (*New Jersey Carpenters Health Fund v. The Royal Bank of Scotland Group, plc*, No. 08-cv-05310-DAB-HBP (S.D.N.Y.)); $335 million in settlements in a class action against Residential Accredit Loans, Inc. and various investment banks (*New Jersey Carpenters Health Fund v. Residential Capital, LLC*, No. 08-cv-8781 (HB) (S.D.N.Y.)); and a $90 million settlement in a class action against MF Global (*Rubin v. MF Global, Ltd.*, No. 08-cv-2233 (VM) (S.D.N.Y.)), among others. *See* Toll Decl., Ex. E. Additionally, Cohen Milstein's attorneys have extensive familiarity with the Local Civil Rules and practice norms of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Pheiffer's choice of counsel have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute this Action effectively and expeditiously. The Court may be assured that by approving Pheiffer's selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel, the Class members will receive the best legal representation available. Thus, Pheiffer respectfully urges the Court to appoint Pomerantz and Cohen Milstein to serve as Lead Counsel and Liaison Counsel, respectively, for the Class.

## CONCLUSION

For the foregoing reasons, Pheiffer respectfully requests that the Court issue an Order: (1) appointing Pheiffer as Lead Plaintiff for the Class; and (2) approving Pheiffer's selections of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

Dated: March 15, 2022

Respectfully submitted,

/s/ Steven J. Toll
Steven J. Toll
S. Douglas Bunch
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue N.W.
Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
        dbunch@cohenmilstein.com

*Counsel for Lead Plaintiff Movant Betty Jo Pheiffer and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
        ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Betty Jo Pheiffer and Proposed Lead Counsel for the Class*

**PORTNOY LAW FIRM**
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming)
1800 Century Park East, Suite 600
Los Angeles, California 90067

Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Lead Plaintiff Movant
Betty Jo Pheiffer*