**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| *In re Volkswagen AG Securities Litigation* | **Case No. 1:22-cv-00045-RDA-TCB** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 14, 2023 ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*,
529 F. Supp. 3d 111 (S.D.N.Y. 2021) ...................................................................... 7

*In re Galena Biopharma, Inc. Sec. Litig.*,
117 F. Supp. 3d 1145 (D. Or. 2015) ......................................................................... 5

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*,
543 F. Supp. 3d 96 (D. Md. 2021) ........................................................................... 7

*In re Turquoise Hill Resources Ltd. Sec. Litig.*,
2022 WL 4085677 (S.D.N.Y. 2022) ........................................................................ 7

*Janus Capital Grp., Inc. v. First Derivative Traders,
Inc.*, 564 U.S. 135 (2011) ............................................................................... 2, 4, 5

*Matter of Vulcan Constr. Materials, LLC*,
433 F. Supp. 3d 816 (E.D. Va. 2019) ...................................................................... 2

*Roberts v. Genesis Healthcare Corp.*,
2007 WL 9758394 (D. Md. June 26, 2007) ............................................................. 2

*S.E.C. v. Nostra Energy, Inc.*,
202 F.Supp.3d 391 (S.D.N.Y. 2016) ....................................................................... 2

*S.E.C. v. Texas Gulf Sulphur Co.*,
401 F.2d 833 (2d Cir. 1968) ................................................................................. 2, 6

*S.E.C. v. Woolf*,
835 F.Supp.2d 111 (E.D. Va. 2011) ........................................................................ 5

*Semerenko v. Cendant Corp.*,
223 F.3d 165 (3d Cir. 2000) .................................................................................... 6

*U.S. S.E.C. v. Pirate Investors LLC*,
580 F.3d 233 (4th Cir. 2009) ........................................................................... 1, 5, 6

*White v. New Hampshire Dep't. of Employment Sec.*,
455 U.S.  (1982) ...................................................................................................... 2

**Rules**

Fed. R. Civ. P. 59(e) ........................................................................................................... 2

Pursuant to Federal Rule 59(e) Lead Plaintiff Laszlo Rozsavolgyi and named Plaintiff Thomas Wells ("Plaintiffs") respectfully move for reconsideration of this Court's March 14, 2023 Memorandum Opinion and Order ("Opinion") granting Defendants' Motion to Dismiss the Amended Complaint ("Complaint") (Dkt. 48).

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs are appreciative of this Court's detailed and careful analysis in the Opinion, which finds that the Complaint adequately alleges: (1) that the Individual Defendants and VWGoA issued materially false statements under §10(b) and Rule 10b-5 (Opinion at 25-32); (2) that VWGoA and the Individual Defendants acted with scienter (Opinion at 37-44); (3) that the alleged misstatements were made in connection with the purchase or sale of a security in the United States (Opinion at 44-52); (4) economic loss and loss causation (Opinion at 53-59) and (5) that §10(b) and Rule 10b-5 may be applied to Plaintiffs' domestic transactions in VW's unsponsored ADRs. (Opinion 15-24).

However, Plaintiffs respectfully submit that the Court's conclusion that it must find the issuer (Volkswagen AG) liable in order to hold VWGoA and the Individual Defendants liable under §10(b) was in error (Opinion at 52). Under controlling Fourth Circuit precedent, the requirement that the purchase or sale of securities occur "in connection with" the alleged false statements does ***not*** require a securities trading relationship between the plaintiff purchasers and the individuals/entities responsible for making the false statements. *U.S. S.E.C. v. Pirate Investors LLC*, 580 F.3d 233, 244-52 (4th Cir. 2009). Instead, Courts throughout the country have held that "A statement can be made 'in connection with' the purchase or sale of a security even if the violator does not actually own the securities or engage in relevant securities transactions. Rather, "Rule 10b-5 is violated whenever assertions are made…in a manner reasonably calculated to influence

the investing public…Courts have concluded that when misleading promotional materials are designed to ramp up stock sales, the misleading statements are made 'in connection with' the sale of securities they tout." *S.E.C. v. Nostra Energy, Inc.*, 202 F.Supp.3d 391, 397 (S.D.N.Y. 2016) *quoting S.E.C. v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 860 (2d Cir. 1968).

In other words, even if the Court dismisses the case as to Volkswagen AG it should deny the motion to dismiss as to VWGoA and the Individual Defendants because the Court has determined that Plaintiffs adequately alleged that VWGoA and the Individual Defendants made materially false statements that investors relied upon in purchasing Volkswagen ADSs. There is no requirement in the Supreme Court's decision in *Janus Capital Grp., Inc. v. First Derivative Traders, Inc.*, 564 U.S. 135 (2011), or elsewhere, that the person making the false statements and who is alleged to have primary liability under Section §10(b) be the issuer of the securities, an employee of the issuer, or transact in the subject securities. There is likewise also no requirement that the issuer of the securities be held liable under §10(b) or 20(a) in order to hold its subsidiaries and agents/employees liable under §10(b).

## LEGAL STANDARD

Under Fed. R. Civ. P. 59(e) a district court may grant a motion for reconsideration: "(1) to accommodate an intervening change in controlling law; (2) account for new evidence not at trial; or (3) to correct a clear error of law to prevent manifest injustice." *Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819-20 (E.D. Va. 2019), *quoting Hutchinson v. Staton*, 994. F.2d 1076, 1081 (4th Cir. 1993). Rule 59(e) "was adopted to 'make clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of the judgment.'" *Roberts v. Genesis Healthcare Corp.* 2007 WL 9758394 at *2 (D. Md. June 26, 2007) *quoting White v. New Hampshire Dep't. of Employment Sec.*, 455 U.S. 455, 450 (1982).

4

Plaintiffs move the Court to reconsider its Opinion because there was a clear error of law in the Court's conclusion that "without a plausible theory of liability ascribed to the issuer, Plaintiffs' purchase or sale of Volkswagen ADRs cannot be said to "touch[]" or "coincide" with the alleged false statements of the Individual Defendants and VWGoA." (Opinion at 52).

## ARGUMENT

Plaintiffs appreciate this Court's thorough consideration of the parties' briefing and statements at oral argument in this securities class action which is more complex than most given the number or issues raised in Defendants' motion to dismiss. Plaintiffs' motion to reconsider is extremely narrow. It relates only to the Court's holding that "[w]ithout a plausible theory of liability as to the issuer, Plaintiffs' purchase or sale of Volkswagen ADRs cannot be said to 'touch[]" or "coincide" with the alleged false statements of the Individual Defendants and VWGoA" (Opinion at 52), and corresponding dismissal of Plaintiffs' §10(b) claims as to VWGoA and the Individual Defendants.

On page 51 of the Opinion the Court holds that "Plaintiffs' allegations provide a plausible basis that the alleged misstatement 'touches' or 'coincides' with 'the purchase or sale of any other security in the United States,'" (Opinion at 51). The Opinion states that "This Court also reaffirms the principle that 'publicly-disseminated press releases, research reports, and website communications that contain materially false and misleading statements regarding an issuer of securities satisfies the 'in connection with' requirement….As the Fourth Circuit requires, Plaintiffs have adequately averred that VWGoA publicly disseminated a press release on multiple occasions and that such announcement was material…Given the alleged seriousness with which the market perceived the name change, it is entirely reasonable that investors would have relied upon the press release." (Opinion at 52).

In the next paragraph of the Opinion the Court goes on to cite the Supreme Court's decision in *Janus Capital Group, Inc.*, 564 U.S. 135:

> The problem remains, however, that Plaintiffs have not adequately demonstrated that Volkswagen AG may be held liable under 10(b) because the Amended Complaint does not state with the level of particularity demanded by the PSLRA that Volkswagen confirmed publication of the press release. This Court will not contravene *Janus* by holding that the statements of a non-publicly traded wholly-owned subsidiary and its employees ***may be actionable <u>upon the parent issuer</u>*** when the Amended Complaint fails to adequately plead that the alleged material misstatements may be attributed to the parent issuer.
> (Opinion at 52).

Plaintiffs here do not take issue with the Court's conclusion above, that the Complaint does not sufficiently allege that the material misstatements are attributable to Volkswagen AG, and that the statements are therefore not actionable upon Volkswagen AG.[1] This motion does not contest the Court's dismissal of the §10(b) claims as to Volkswagen AG.

However, Plaintiffs respectfully submit that the next sentence in the Court's Opinion is error and is unrelated to *Janus* and unsupported by any other legal authority. While acknowledging that "it was reasonable for investors to rely upon [the] alleged false statements" the Opinion holds:

> ***Without a plausible theory ascribed to the issuer, Plaintiffs' purchase or sale of Volkswagen ADRs cannot be said to 'touch[ ]' or 'coincide' with the alleged false statements of the Individual Defendants and VWGoA***.  (Opinion at 52).

The Supreme Court in *Janus* nowhere held that liability must attach to the issuer of a security under §10(b) in order to find that the false statements other actors made "touch" or "coincide" with the purchase of a security.  In *Janus,* the Supreme Court held that the maker of a statement is the entity with authority over its content and when and how to communicate it.  564

---

[1] Separate and apart from the instant motion, Plaintiffs intend to file a motion to amend and proposed amended pleading, as indicated by the Court's opinion permitting Plaintiffs to opt to file a motion to amend within 14 days of the Opinion.

U.S. 135, 144. The *Janus* Court held that because the statements in the Janus Investment Fund prospectuses were made by Janus Investment Fund, not Janus Capital Management (JCM) (a mutual fund investment adviser), the plaintiff had not stated a claim against JCM under Rule 10b-5. *Id.* at 148. The *Janus* Court did not hold that Janus Investment Fund could not be held liable for misstatements it made under Rule 10b-5, nor did it address whether any alleged false statements "touched" or "coincided" with the purchase or a security.

*Janus* does not foreclose liability against individuals who issue false statements about a given security simply because the issuer of the security itself did not also make a false statement (or because those false statements are not "attributable to the issuer"). That courts have found various categories of non-issuers (*e.g.,* brokers, promoters, traders, analysts) liable under §10(b) for false statements they themselves made in connection with a plaintiff's purchase of securities illustrates this point.[2]

The Court's holding that because Plaintiffs have not alleged a §10(b) violation as to Volkswagen AG, Plaintiffs' securities transactions do not "touch" or "coincide" with VWGoA's and the Individual Defendants' false statement directly contravenes the Fourth Circuit's holding in *Pirate Investors*, 580 F.3d at 247, 251. In that case, Pirate Investor offered and sold an e-mail stock tip which contained materially false information about a company providing uranium enrichment services. 580 F.3d at 237. The district court found Pirate Investor liable for violating §10(b) and Rule 10b-5 by offering and selling the false stock tip. *Id.* On appeal, Pirate Investor

---

[2] *See, e.g. In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1191 (D. Or. 2015) (§10(b) claim adequately alleged against stock promoter, misrepresentations "touch upon" securities transaction because investors relied on them and they were material); *S.E.C. v. Woolf,* 835 F.Supp.2d 111, 120-121 (E.D. Va. 2011) (§10(b) claim adequately alleged against promotional speakers who ran investment seminars; alleged false statements were made "in connection with" plaintiff's securities even though statements did not pertain to particular securities).

argued that the fraud in the case did not make the necessary connection to securities transactions because Pirate Investors did not trade in the company's stock (and had no trading relationship with the plaintiffs). *Id* at 247-48. The Court of Appeals, affirming the district court's finding of liability, held that the misstatements Pirate Investor made were in connection with the purchase or sale of securities under §10(b) irrespective of the parties having no trading relationship. *Id.* at 252. The Fourth Circuit explained the derivation of the "in connection with" or "coincide" requirement, which was first articulated by the Second Circuit in *Texas Gulf Sulphur Co.*, 401 F.2d 833 (2d Cir. 1968):

> Under the *Texas Gulf* standard, the SEC must establish two distinct elements: (1) the misrepresentations in question were disseminated to the public in a medium upon which a reasonable investor would rely and (2) they were material when disseminated. *Semerenko,* 223 F.3d at 176. We have already considered whether the misrepresentations in this case were material. Here, we focus our attention on the first element of *Texas Gulf.* The SEC must show that reasonable investors would base their investment decisions on the *types* of communications at issue in this case—mass e-mails from a purveyor of internet investment advice.

The Fourth Circuit further explained that the rationale of *Texas Gulf,* and the "in connection with requirement" was to ensure that unknowing speakers were protected from potential liability under §10(b) by requiring that their communications be in a medium upon which an investor would rely:

> At its core, the *Texas Gulf* standard is about notice—attaching liability under the securities laws for statements made in any medium, no matter how tangentially related to the securities markets, would run the risk of roping in speakers who had no idea that their conduct might implicate Section 10(b). Thus, by requiring that misstatements be communicated in a medium upon which a *reasonable* investor would rely, the *Texas Gulf* standard protects these unknowing speakers from liability and ensures that there is a sufficient nexus between the misrepresentations and the securities sales that they induce to satisfy the Supreme Court's command that the fraud and securities sales "coincide."

*Id.* at 250-251.

8

Indeed, a plethora of cases support that persons other than the issuer of the subject security can be held primarily liable under Section 10(b) for false statements of material fact in connection with the purchase or sale of securities. For example, in *In re Turquoise Hill Resources Ltd. Sec. Litig.*, 2022 WL 4085677, at *26 (S.D.N.Y. 2022) the court granted the parent company/issuer's motion to dismiss plaintiff's §10(b) claim but denied the motion to dismiss plaintiff's §10(b) claim as to the subsidiary who made the alleged misstatements about the issuer. Various persons and entities who act as agents of an issuer can be held liable under §10(b) for statements about the issuer. For example, auditors are responsible for their audit opinions concerning the financial statements of issuers, even though auditors do not trade in the issuer's securities and derive no benefit from transactions in the issuer's securities. *See, e.g., In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 157 (S.D.N.Y. 2021) (denying motion to dismiss §10(b) claim as to outside auditor of defendant company whose stock plaintiffs purchased).

This Court correctly held that the Individual Defendants' and VWGoA's allegedly false statements were disseminated to the public in a medium upon which reasonable investors would rely and that they were material when disseminated (Opinion at 29-32). The Court additionally held that VWGoA and the Individual Defendants knew that they were making false statements (Opinion 38-39) and targeted the public, thus satisfying *Texas Gulf's* notice concerns. There is simply no basis in law or fact for concluding that the VWGoA's and the Individual Defendants' materially false statements do not "touch" or "coincide" with Plaintiffs' securities transactions.[3]

---

[3] *See, e.g., In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 96, 139–41 (D. Md. 2021), *aff'd sub nom. In re Marriott Int'l, Inc.*, 31 F.4th 898 (4th Cir. 2022) (finding sufficient nexus between misrepresentations on Marriot website concerning privacy and purchase of securities noting that the Supreme Court embraces an "expansive" reading of the "in connection with requirement," which has been applied to "investment research reports from a reputable

In sum, the Complaint adequately alleges that VWGoA and the Individual Defendants issued material misstatements that investors relied upon in purchasing Volkswagen ADSs. Accordingly, there is no basis to grant the Motion to Dismiss as to VWGoA and the Individual Defendants.

**CONCLUSION**

The Court should grant reconsideration and deny the motion to dismiss as to VWGoA and the Individual Defendants. Because the Complaint adequately alleges a primary violation of §10(b) as to VWGoA and the Individual Defendants and because the Opinion holds that the Complaint sufficiently alleges that Volkswagen AG controls VWGoA (Opinion at 47-48), the Court should deny Volkswagen's AG's motion to dismiss the §20(a) claim.

Dated: March 23, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Sara Fuks*
Sara Fuks (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
sfuks@rosenlegal.com

*Lead Counsel for Plaintiffs*

---

broker, prospectuses, sales and marketing materials at brokerage houses and other points of sale, SEC filings, and detailed drug advertisements published in  sophisticated medical journals.")

**THE LAW FIRM OF CARLTON F. BENNETT, PLLC**

*/s/ Carlton F. Bennett (VSB No. 18453)*
Carlton F. Bennett
120 South Lynnhaven Rd., Ste.100
Virginia Beach, VA 23452
Tel: (757) 486-5454
cbennett@carltonbennettlaw.com

*Local Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023, I caused the foregoing to be filed electronically with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to all registered users.

*/s/ Carlton F. Bennett (VSB No. 18453)*
Carlton F. Bennett
**THE LAW FIRM OF CARLTON F. BENNETT, PLLC**
120 South Lynnhaven Rd., Ste.100
Virginia Beach, VA 23452
Tel: (757) 486-5454
cbennett@carltonbennettlaw.com

*Local Counsel for Plaintiffs*

11