**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| *In re Volkswagen AG Securities Litigation* | **Case No. 1:22-cv-00045-RDA-TCB** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
LEAVE TO AMEND THE AMENDED CLASS ACTION COMPLAINT**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bennett v. Berryhill*,
   2018 WL 10016165 (E.D. Va. Oct. 19, 2018) .......................................................................... 7

*Carpenters Pension Tr. Fund of St. Louis, St. Clair Shores Police & Fire Ret. Sys. v. Barclays PLC*,
   56 F. Supp. 3d 549 (S.D.N.Y. 2014) ............................................................................... 1, 4, 8

*Connelly v. Gen. Medical Corp.*,
   880 F. Supp. 1100 (E.D. Va. 1995) ........................................................................................ 5

*Davis v. Piper Aircraft Corp.*,
   615 F.2d 606 (4th Cir. 1980) .................................................................................................. 7

*Edwards v. City of Goldsboro*,
   178 F.3d 231 (4th Cir. 1999) .................................................................................................. 6

*Galustian v. Peter,*
   591 F.3d 724 (4th Cir. 2010) .................................................................................................. 5

*Hsu v. Puma Biotechnology, Inc.*,
   2017 WL 3205774 (C.D. Cal. July 25, 2017) ........................................................................ 7

*In re Initial Pub. Offering Sec. Litig.*,
   214 F.R.D. 117 (S.D.N.Y. 2002) ........................................................................................... 8

*Janus Capital Grp., Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011) ..................................................................................................... passim

*Johnson v. Oroweat Foods Co.*,
   785 F.2d 503 (4th Cir. 1986) .................................................................................................. 7

*Laber v. Harvey*,
   438 F.3d 404 (4th Cir. 2006) .................................................................................................. 6

*Masterson v. Commonwealth Bankshares, Inc.,*
   2013 WL 6917423 (E.D. Va. Dec. 27, 2013) ................................................................. 2, 5, 8

*Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*,
   576 F.3d 172 (4th Cir. 2009) .................................................................................................. 6

*Noto v. 22nd Century Grp., Inc.*,
   35 F.4th 95 (2d Cir. 2022).................................................................................... 4

*Pinnacle Advisory Group, Inc. v. Krone*,
   2021 WL 3852338 (D. Md. Aug. 26, 2021)............................................................ 5

*Plymouth Cnty. Ret. Sys. v. Evolent Health, Inc.*,
   2020 WL 6875183 (E.D. Va. June 5, 2020)................................................... 5, 6, 7

*Union Carbide Corp. v. Siemens Westinghouse Power Corp.*,
   2002 WL 31387269 (S.D.N.Y. Oct. 23, 2002) ....................................................... 9

*Wilkins v. Wells Fargo Bank, N.A.*,
   320 F.R.D. 125 (E.D. Va. 2017) ............................................................................ 7

## **Rules**

Fed. R. Civ. P. 15........................................................................................................ 1, 2, 5

ii

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Lead Plaintiff Laszlo Rozsavolgyi and named Plaintiff Thomas Wells ("Plaintiffs" or "Investors") respectfully submit this Memorandum of Law in Support of their Motion for Leave to Amend the Amended Class Action Complaint (the "Motion"), and further request that the Proposed Second Amended Class Action Complaint, attached as Exhibit A to Lead Plaintiffs' Motion (the "SAC"), be deemed filed as of the date of the Court's entry of an Order granting such Motion.

## I.  INTRODUCTION

In this securities fraud class action the Court dismissed Plaintiffs' Amended Complaint and permitted Plaintiffs 14 days within which to file a motion to amend, along with a proposed second amended complaint.  In the Court's thorough and detailed opinion it held that Plaintiffs adequately alleged falsity, materiality, scienter, and loss causation but failed to adequately allege that Volkswagen AG had ultimate authority over the alleged misstatements under the Supreme Court's decision in *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011).

Plaintiffs' proposed Second Amended Complaint contains facts demonstrating that Volkswagen AG is liable for the alleged false statements under *Janus.* Specifically, the proposed Second Amended Complaint alleges that on March 29, 2021 Volkswagen AG published on its global media website called "Volkswagen Newsroom" the "draft" false and misleading press release, which was also published on Volkswagen Group of America's website. Like the press release on Volkswagen Group of America's website, Volkswagen AG took down the press release from its global news site shortly after publishing it. Thus both Volkswagen AG and Volkswagen Group of America published the March 29 false and misleading press release. Under *Janus*, there can be more than one "maker" of a statement. *Carpenters Pension Tr. Fund of St. Louis, St. Clair Shores Police & Fire Ret. Sys. v. Barclays PLC*, 56 F. Supp. 3d 549, 557–60 (S.D.N.Y. 2014).

1

The Proposed Second Amended Complaint also demonstrates that Volkswagen AG took responsibility for issuing fraudulent statement by admitting that the name change was a joke which was part of a marketing campaign for its electric vehicle the ID. 4. The Proposed Second Amended Complaint also alleges that news of the name change and its retraction was reported globally, affecting the price of Volkswagen's shares in Germany. That the public attributed the misstatements to Volkswagen AG is further evidence of attribution under *Janus*. *See, e.g., Masterson v. Commonwealth Bankshares, Inc.,* 2013 WL 6917423, at \*11–14 (E.D. Va. Dec. 27, 2013), *report and recommendation adopted,* 2 F. Supp. 3d 824 (E.D. Va. 2014), *quoting Janus* (recognizing that under *Janus* "attribution could be 'implicit from surrounding circumstances.'"

Plaintiffs respectfully submit that the Proposed Second Amended Complaint easily meets the requirements for leave to amend under Rule 15(a).

First, the amendment will not unduly prejudice Defendants. Plaintiffs do not seek to assert a new theory of the case or new cause of action, nor do they seek to add a new party. Second, Plaintiffs are seeking to amend the existing complaint without undue delay and in good faith, pursuant to the deadline the Court so-ordered in the Opinion. Finally, granting Plaintiffs leave to amend would not be futile. Plaintiffs have alleged additional facts supporting their claims.

For all these reasons, the Court should grant Plaintiffs' Motion.

## II.   FACTUAL BACKGROUND

### A.   Procedural History

On January 12, 2022 the initial complaint was filed in this action alleging violations of Sections 10(b) and Rule 10b-5 and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). Dkt. No. 1. On March 15, 2022, Lead Plaintiff Laszlo Rozsavolgyi filed a motion to be appointed lead plaintiff and to appoint lead counsel. Dkt. 7. This Court granted Lead Plaintiff's motion on March 30, 2022. Dkt. 16. In accordance with the Court's briefing order issued on April 11, 2022, Plaintiffs

filed the Amended Complaint on June 3, 2022 ("Amended Complaint"). Dkt. Nos. 20, 21. The Amended Complaint names Volkswagen AG, Volkswagen Group of America ("VWoA"), Scott Keough ("Keough") and Mark Gillies ("Gillies") as defendants.[1] On August 2, 2022, Defendants filed a Motion to Dismiss the Amended Complaint accompanied by a supporting memorandum. Dkt. Nos. 22; 23.  Plaintiffs filed their opposition brief on October 3, 2022. Dkt. 33. Defendants filed their reply brief on November 17, 2022. Dkt. 36. The Court heard oral argument on Defendants' Motion to Dismiss on February 1, 2023. On March 14, 2023 the Court issued a Memorandum Opinion and Order ("Opinion") granting Defendants' Motion to Dismiss without prejudice, and ordering Plaintiffs to file a Motion to Amend with a proposed Second Amended Complaint within 14 days of the Opinion if Plaintiffs sought to further amend the Amended Complaint. Dkt. 48 at 61.

In the Opinion the Court found that that Amended Complaint adequately alleged (1) that the Individual Defendants and VWGoA issued materially false statements under §10(b) and Rule 10b-5 (Opinion at 25-32); (2) that VWGoA and the Individual Defendants acted with scienter (Opinion at  37-44); (3) that the alleged misstatements were made in connection with the purchase or sale of a security in the United States (Opinion at 44-52);  (4) economic loss and loss causation (Opinion at  53-59) and (5) that §10(b) and Rule 10b-5 may be applied to Plaintiffs' domestic transactions in Volkswagen's unsponsored ADRs. (Opinion 15-24).

In the Opinion the Court assessed Volkswagen AG's liability under the Supreme Court's decision in *Janus Capital Group, Inc.*, 564 U.S. at 142:

> In *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011), the Supreme Court determined that "[f]or purposes of Rule 10b-5, the maker of a statement is the person or entity with ultimate authority over the statement,

---

[1] All capitalized terms used herein have the meanings ascribed to them in the Amended Complaint and the Court's Opinion.

including its content and whether and how to communicate it." The Court held that a *Janus* defense is available in a private plaintiff Rule 10b-5 case even for the parent of a wholly-owned subsidiary insofar as the entities retain independent boards and the parent is acting in a "speechwriter" assisting capacity rather than as a "speaker who takes credit—or blame—for what is ultimately said." *Id.* at 143.

Opinion at 32-33, footnote omitted.

The Court found that under *Janus:*

"Plaintiffs have not alleged with particularity that Volkswagen AG provided final approval over the press release and its details. Merely alleging a daily monitoring function and the participation in the preparation of public statements does not allow this Court to infer that Volkswagen AG 'collaborated with the authors to such an extent that they controlled the [press release's] publication.'…On this ground alone, Plaintiffs have not sufficiently alleged an actionable securities fraud claim against Volkswagen AG. But given Plaintiffs' claim is not implausible as a matter of law, this Court will allow Plaintiffs to amend their allegations in a second amended complaint.

Opinion at 33-34, *quoting Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 104 (2d Cir. 2022).

## B. The Proposed SAC's New Allegations Establish that Alleged False Statements Are Attributable to Volkswagen AG

Plaintiffs' proposed SAC contains facts demonstrating that Volkswagen AG can be held liable for the alleged false statements under *Janus Capital Group, Inc.*, 564 U.S. at 142. The proposed SAC alleges that on March 29, 2021 Volkswagen AG published on its global media website called "Volkswagen Newsroom," the "draft" false and misleading press release that was also published on Volkswagen Group of America's website. Like the press release on Volkswagen Group of America's website, Volkswagen AG took down the press release from its global news site shortly after publishing it. Thus both Volkswagen AG and Volkswagen Group of America published the March 29 false and misleading press release. Under *Janus*, there can be more than one "maker" of a statement. *Carpenters Pension Tr. Fund of St. Louis, St. Clair Shores Police & Fire Ret. Sys. v. Barclays PLC*, 56 F. Supp. 3d 549, 557–60 (S.D.N.Y. 2014).

4

The Proposed SAC also demonstrates that Volkswagen AG took responsibility for the fraud by admitting that the name change was a joke which was part of a marketing campaign for its electric vehicle the ID. 4. The Proposed SAC also alleges that news of the name change and its retraction was reported globally, affecting the price of Volkswagen's shares in Germany. That the public attributed the misstatements to Volkswagen AG is further evidence of attribution under *Janus. Masterson Commonwealth Bankshares, Inc.,* 2013 WL 6917423, at \*11–14 (E.D. Va. Dec. 27, 2013), *report and recommendation adopted*, 2 F. Supp. 3d 824 (E.D. Va. 2014), 2013 WL 6917423, at \*11-14, *quoting Janus* (recognizing that under *Janus* "attribution could be 'implicit from surrounding circumstances.'")

## III.   ARGUMENT

### A.   Leave to Amend Should Be "Freely Given"

Because discovery has not even commenced, Federal Rule 15(a)(2) governs Plaintiffs' Motion to Amend, which states that the court should "freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2).  *See Pinnacle Advisory Group, Inc. v. Krone*, 2021 WL 3852338, at \*3 (D. Md. Aug. 26, 2021) (Rule 15(a)(2) standard applies until a party moves to amend after the deadline established in the scheduling order). "The Fourth Circuit's 'policy [is] to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a).'" *Plymouth Cnty. Ret. Sys. v. Evolent Health, Inc.*, 2020 WL 6875183, at \*2 (E.D. Va. June 5, 2020) *quoting Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citation omitted).

While courts have discretion to decide Rule 15 motions, that discretion "is limited by the dictate of Federal Rule of Civil Procedure 15(a) that 'leave shall be freely given when justice so requires,' and by the general policy, embraced by the Federal Rules, favoring resolution of cases on their merits." *Connelly v. Gen. Medical Corp.*, 880 F. Supp. 1100, 1109-10 (E.D. Va. 1995) (granting leave to amend federal securities fraud complaint). The Fourth Circuit has therefore

5

"instructed district courts to deny amendment only when (1) it would prejudice the opposing party, (2) the moving party has acted in bad faith, or (3) amendment would be futile." *Evolent*, 2020 WL 6875183, at *2 (emphasis in original) (*citing Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009)). Plaintiffs' Motion seeking leave to amend should be granted because none of the three grounds for denial apply here.

### B.       Defendants Will Not Be Prejudiced by the Amendment

Courts have held that "[a]mendment can be prejudicial if, for example, the moving party inserts new legal theories, counts, or claims, and if it is offered shortly before or during trial without giving the opposing party enough time to properly defend itself." *Evolent*, 2020 WL 6875183, at *3; *see also Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" (citation omitted)). None of these factors are present here.

Plaintiffs are seeking leave to file the SAC prior to discovery and in response to the Court's specific enunciations of the Amended Complaint's deficiencies. The SAC does not raise new legal theories concerning Defendants' liabilities, it does not add any additional counts, causes of action or defendants that were not already included in the Amended Complaint, and does not request any new form of recovery. The proposed Class Period is also the same. Indeed, Plaintiffs primarily seek to amend the existing complaint to add additional factual support concerning their existing allegations that alleged misstatements are attributable to Volkswagen AG.

Accordingly, the allegations sought to be added to the SAC "arise from the same controversy as the balance of the [SAC]," concern "matters already contained in the [SAC] in some form and, . . . merely [seek] to add specificity to those matters." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (holding district court abused its discretion by denying leave to amend under

6

these circumstances, finding "[p]rejudice to the Defendants could hardly flow from such an addition"). Indeed, where, as here, "Plaintiffs seek permission to add facts in support of the same basic argument they made in their first amended complaint," amendment is "in the interest of justice and is not prejudicial or offered in bad faith." *Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 128 (E.D. Va. 2017) *See also Hsu v. Puma Biotechnology, Inc.*, 2017 WL 3205774, at *2 (C.D. Cal. July 25, 2017) (noting in PSLRA action that the "amended complaint didn't change that much, all things considered" when during discovery plaintiffs had included some newly alleged but related misstatements about a drug trial).

Moreover, Defendants will not suffer undue prejudice related to the procedural posture of this action. This motion is timely made pursuant to the March 28, 2023 deadline set forth by the Court in its Order.

### C.    Plaintiffs Do Not Seek Leave to Amend in Bad Faith

Plaintiffs do not seek leave to amend in bad faith, as "there is no indication that Plaintiffs have acted in bad faith, are engaging in gamesmanship, or are abusing private litigation under the PSLRA." *Evolent*, 2020 WL 6875183, at *3. Indeed, the basis of Plaintiffs' Motion consists of the addition of facts in response to the Court's thorough analysis of the claims in Plaintiffs' Amended Complaint. This is not an instance where Plaintiffs are seeking leave to amend after repeated pleading failures or for an improper purpose. *Wells Fargo*, 320 F.R.D. at 127.

### D.    Filing the Proposed SAC Will Not be Futile

As this Court has observed, "[u]nder this Circuit's caselaw, Plaintiffs do not face a heavy burden" on the issue of futility, as "futility encompasses only 'insufficient or frivolous' amendments." *Evolent*, 2020 WL 6875183, at *3 (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). Indeed, the Fourth Circuit has held that "[u]nless a proposed amendment may clearly be seen to be futile . . . conjecture about the merits of the litigation should

7

not enter into the decision whether to allow amendment." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *see also Bennett v. Berryhill*, 2018 WL 10016165, at *1 (E.D. Va. Oct. 19, 2018) ("Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."). The new allegations in the SAC are clearly not futile here.

Plaintiffs' proposed SAC contains facts demonstrating that Volkswagen AG can be held liable for the alleged false statements under *Janus.* Specifically, the proposed SAC alleges that on March 29, 2021 Volkswagen AG published on its global media website called "Volkswagen Newsroom," the "draft" false and misleading press release that was also published on Volkswagen Group of America's website. Like the press release on Volkswagen Group of America's website, Volkswagen AG took down the press release from its global news site shortly after publishing it. Thus both Volkswagen AG and Volkswagen Group of America published the March 29 false and misleading press release. Under *Janus*, there can be more than one "maker" of a statement. *Carpenters Pension Tr. Fund of St. Louis, St. Clair Shores Police & Fire Ret. Sys. v. Barclays PLC*, 56 F. Supp. 3d 549, 557–60 (S.D.N.Y. 2014).

The Proposed SAC also demonstrates that Volkswagen AG took responsibility for issuing the fraudulent statements by admitting that the name change was a joke which was part of a marketing campaign for its electric vehicle the ID. 4. The Proposed SAC also alleges that news of the name change and its retraction was reported globally, affecting the price of Volkswagen's shares in Germany. That the public attributed the misstatements to Volkswagen AG is further evidence of attribution under *Janus. See e.g., Masterson*, 2013 WL 6917423, at *11-14, *quoting Janus* (recognizing that under *Janus* "attribution could be 'implicit from surrounding circumstances.'"

8

Under these circumstances federal courts routinely grant plaintiffs leave to amend their federal securities claims. *See, e.g., In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 125 (S.D.N.Y. 2002). "[w]here … the alleged futility of the proposed amendments is really an argument that the amendments would not permit the complaint to survive a motion to dismiss, such argument would better be taken up on a motion to dismiss unless the amendments' futility is readily apparent." Here, the proposed amendments directly address the reasons the Court found the Amended Complaint insufficient and will allow the Court to make a decision based on the merits of Plaintiffs' claims. *See Union Carbide Corp. v. Siemens Westinghouse Power Corp.*, 2002 WL 31387269, at *10 (S.D.N.Y. Oct. 23, 2002) (holding that amendment is appropriate where the amended complaint "is closely related to the original claim and is based on a similar set of operative facts.").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be granted.

Dated: March 28, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Sara Fuks*
Sara Fuks (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
sfuks@rosenlegal.com

*Lead Counsel for Plaintiffs*

9

**THE LAW FIRM OF CARLTON F. BENNETT, PLLC**

*/s/ Carlton F. Bennett (VSB No. 18453)*
Carlton F. Bennett
120 South Lynnhaven Rd. Ste.100
Virginia Beach, VA 23452
Tel: (757) 486-5454
cbennett@carltonbennettlaw.com

*Local Counsel for Plaintiffs*

10