**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| *In re Volkswagen AG Securities Litigation* | **Case No. 1:22-cv-00045-RDA-TCB**<br><br>**CLASS ACTION** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE OR**
**ALTERNATIVELY FOR LEAVE TO FILE SUR-REPLY**

MCGUIREWOODS LLP

Garrett H. Hooe (VSB No. 83983)
Gateway Plaza
800 Canal Street
Richmond, Virginia 23219
Tel:  804-775-1065
Fax:  804-698-2079
ghooe@mcguirewoods.com

SULLIVAN & CROMWELL LLP

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
125 Broad Street
New York, NY 10004
Tel:  212-558-4000
Fax:  212-558-3558
giuffrar@sullcrom.com
nelless@sullcrom.com

Laura Kabler Oswell (*pro hac vice*)
1870 Embarcadero Road
Palo Alto, California 94303
Tel:  650-461-5600
Fax:  650-461-5700
oswelll@sullcrom.com

Daniel J. Richardson (VSB No. 94961)
1700 New York Avenue NW
Washington, D.C. 20006
Tel:  202-956-7500
Fax:  202-293-6330
richardsond@sullcrom.com

*Counsel for Defendants Volkswagen AG, Volkswagen*
*Group of America, Inc., Scott Keogh, and Mark Gillies*

April 17, 2023

**TABLE OF CONTENTS**

*Page*

**PRELIMINARY STATEMENT** ..............................................................................................1

**ARGUMENT**.........................................................................................................................1

**I.    PLAINTIFFS' REPLY SHOULD BE STRICKEN**...........................................................1

**II.   ALTERNATIVELY, A SUR-REPLY IS WARRANTED BECAUSE PLAINTIFFS' REPLY RELIES ON NEW AND FORFEITED ARGUMENTS.**.................................3

**CONCLUSION** .......................................................................................................................3

**PRELIMINARY STATEMENT**

On April 13, 2023, Plaintiffs filed a reply in support of their motion for reconsideration that was untimely under this Court's rules, raised new arguments that Plaintiffs have forfeited, and relied on sources—including a law professor's blog post—that Plaintiffs could have included in their initial brief but did not. The Court should strike Plaintiffs' entire reply because it is untimely or, at a minimum, strike those portions of the reply that rest on forfeited material. If the Court nonetheless accepts Plaintiffs' tardy filing, Defendants request that the Court grant Defendants' motion to file the attached sur-reply to respond to Plaintiffs' new arguments that not only are forfeited but also are wrong.

**ARGUMENT**

**I.   PLAINTIFFS' REPLY SHOULD BE STRICKEN.**

This Court's rules afforded Plaintiffs six days from the date on which Defendants filed their response brief to file a reply brief. Local Rule 7(F)(1). The six-day deadline is "not expanded by" the "mode of service used for those briefs." *Id.* Similarly, "all briefs . . . must be timely filed with the Clerk's Office." Local Rule 7(H). If Plaintiffs required more time to file their reply, they could have sought an extension, although that request "is looked upon with disfavor" in this Court. Local Rule 7(I).

Defendants filed their opposition on April 6, 2023, ECF No. 57, meaning that Plaintiffs' reply was due *April 12, 2023*. Plaintiffs did not file their reply by that deadline, nor did they seek an extension of the time to file a reply. *See* Plaintiffs' Reply Memorandum of Law in Support of Motion for Reconsideration ("Pltfs' Reply"), ECF No. 59 (filed on April 13, 2023). Because this Court requires that briefs "be timely filed with the Clerk's Office," and Plaintiffs have offered no good cause for missing the deadline, the Court should grant the motion to strike Plaintiffs' reply altogether.

If the Court accepts the untimely brief, it should nonetheless strike from it material and arguments that Plaintiffs could have raised, but did not, in their opening brief. *See United States* v. *Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.")

*First*, Plaintiffs sought reconsideration "[p]ursuant to Federal Rule of Civil Procedure 59(e)." Plaintiffs' Motion for Reconsideration at 2, ECF No. 49. But Plaintiffs now argue that their motion was brought under Rule 54(b), which allows a court to revise "any order or other decision, however designated, *that adjudicates fewer than all the claims*." *Herndon* v. *Alutiiq Educ. & Training, LLC*, 2016 WL 9450428, at *2 (E.D. Va. Aug. 15, 2016) (citing Fed. R. Civ. P. 54(b)) (emphasis added); *see* Pltfs' Reply at 5-6. Because Plaintiffs never presented that argument before their Reply, Defendants have had no opportunity to respond to it. Plaintiffs' argument is both forfeited and plainly incorrect (because this Court's Order did not "adjudicate fewer than all the claims" at issue in this case), and this Court should strike the material on pages 5 and 6 of the Plaintiffs' Reply arguing that Rule 54(b) provides the appropriate legal standard.

*Second*, Plaintiffs now argue that the Court's decision was clearly erroneous because it failed to consider the applicable standards for "control person" liability under Section 20(a) of the Exchange Act. Pltfs' Reply at 7-8. Here again, Plaintiffs did not raise that argument in their earlier brief, and this Court should strike the portion of the Reply discussing Section 20(a).

*Third*, Plaintiffs' reply relies extensively on a single blog post by a law professor offering commentary on the Court's opinion. That blog post was published *before* Plaintiffs filed their motion for reconsideration, and there is no reason Plaintiffs could not have raised it sooner. And it offers little support to Plaintiffs' claim, which it refers to as a "stupid securities fraud

-2-

lawsuit."[1]  Because Plaintiffs did not cite this post in their earlier brief, they cannot rely on it to support their motion for reconsideration, and the portion of Plaintiffs' reply discussing that post should also be stricken.

## II.      ALTERNATIVELY, A SUR-REPLY IS WARRANTED BECAUSE PLAINTIFFS' REPLY RELIES ON NEW AND FORFEITED ARGUMENTS.

In the alternative, Defendants request that the Court grant Defendants' motion to file the attached sur-reply.  "A court has the discretion to grant a responding party leave to file a sur-reply when the moving party has raised new arguments or brought forth new material in its reply brief."  *Gibbs* v. *Plain Green LLC*, 2017 WL 7693141, at *1 (E.D. Va. Oct. 31, 2017).  That test is satisfied here.  As discussed above, Plaintiffs' reply raised a number of arguments that are forfeited and incorrect.  To the extent the Court considers those arguments, Defendants should have the opportunity to respond.

## CONCLUSION

Defendants respectfully request that the Court grant Defendants' motion to strike, or alternatively, grant Defendants' motion to file the attached sur-reply.

---

[1] Ann Lipton, *"There's No Joking in Securities Law*," Bus. Law Prof Blog (Mar. 18, 2023), https://lawprofessors.typepad.com/business_law/2023/03/theres-no-joking-in-securities-law.html.

MCGUIREWOODS LLP

*/s/ Garrett H. Hooe*
Garrett H. Hooe (VSB No. 83893)
Gateway Plaza
800 Canal Street
Richmond, Virginia 23219
Tel: 804-775-1065
Fax: 804-698-2079
ghooe@mcguirewoods.com

SULLIVAN & CROMWELL LLP

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
125 Broad Street
New York, NY 10004
Tel: 212-558-4000
Fax: 212-558-3558
giuffrar@sullcrom.com
nelless@sullcrom.com

Laura Kabler Oswell (*pro hac vice*)
1870 Embarcadero Road
Palo Alto, California 94303
Tel: 650-461-5600
Fax: 650-461-5700
oswelll@sullcrom.com

Daniel J. Richardson (VSB No. 94961)
1700 New York Avenue NW
Washington, D.C. 20006
Tel:  202-956-7500
Fax:  202-293-6330
richardsond@sullcrom.com

*Counsel for Defendants Volkswagen AG, Volkswagen Group of America, Inc., Scott Keogh, and Mark Gillies*

April 17, 2023

-4-

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2023, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF filing system, which will send notification of electronic filing (NEF) to all counsel of record.

*/s/ Garrett H. Hooe*
Garrett H. Hooe (VSB No. 83983)
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:  804-775-1065
Fax:  804-698-2079
ghooe@mcguirewoods.com

*Counsel for Defendants Volkswagen AG, Volkswagen Group of America, Inc., Scott Keogh, and Mark Gillies*

-5-