Exhibit 1

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| *In re Volkswagen AG Securities Litigation* | **Case No. 1:22-cv-00045-RDA-TCB**<br><br>**CLASS ACTION** |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO MOTION FOR
RECONSIDERATION**

MCGUIREWOODS LLP

Garrett H. Hooe (VSB No. 83983)
Gateway Plaza
800 Canal Street
Richmond, Virginia 23219
Tel:  804-775-1065
Fax:  804-698-2079
ghooe@mcguirewoods.com

SULLIVAN & CROMWELL LLP

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
125 Broad Street
New York, NY 10004
Tel:  212-558-4000
Fax:  212-558-3558
giuffrar@sullcrom.com
nelless@sullcrom.com

Laura Kabler Oswell (*pro hac vice*)
1870 Embarcadero Road
Palo Alto, California 94303
Tel:  650-461-5600
Fax:  650-461-5700
oswelll@sullcrom.com

Daniel J. Richardson (VSB No. 94961)
1700 New York Avenue NW
Washington, D.C. 20006
Tel:  202-956-7500
Fax:  202-293-6330
richardsond@sullcrom.com

*Counsel for Defendants Volkswagen AG, Volkswagen
Group of America, Inc., Scott Keogh, and Mark Gillies*

April 17, 2023

## TABLE OF CONTENTS

*Page*

**PRELIMINARY STATEMENT** ...........................................................................................1

**ARGUMENT**.......................................................................................................................3

**I.     PLAINTIFFS' MOTION IS PROCEDURALLY IMPROPER.**....................................3

**II.    PLAINTIFFS HAVE NOT IDENTIFIED CLEAR ERROR IN THE COURT'S
        OPINION.**......................................................................................................................5

**CONCLUSION** ......................................................................................................................8

## PRELIMINARY STATEMENT

Plaintiffs' motion for reconsideration should be denied for two independent reasons. *First*, in this Court, Plaintiffs cannot seek reconsideration while simultaneously asking the Court for leave to amend their complaint. *Second*, Plaintiffs have come nowhere close to showing that the Court clearly erred in dismissing their securities fraud claim over unsponsored American Depository Shares ("ADRs") and an April Fools' Day marketing campaign.

Plaintiffs' reply brief ignores the unprecedented nature of their claim. Plaintiffs identify only one decision holding that securities fraud plaintiffs can pursue claims based on unsponsored ADRs: *Stoyas* v. *Toshiba Corp.*, 424 F. Supp. 3d 821, 828 (C.D. Cal. 2020). The Securities and Exchange Commission filed a brief in that case explaining why such a claim would be unlikely to satisfy Section 10(b)'s "in connection with" requirement. *See Brief for the United States as Amicus Curiae* at 16, *Toshiba Corp.* v. *Automotive Indus. Pension Tr. Fund*, No. 18-486 (U.S. May 20, 2019)  And the alleged fraud in *Toshiba* was committed ***by the foreign issuer***, not a U.S. subsidiary. Here, by contrast, Plaintiffs are pursuing a claim based on unsponsored Volkswagen AG ("VWAG") ADRs, even though the allegedly misleading statements related to Volkswagen Group of America's ("VWGoA") marketing campaign. The Court's order dismissing the Amended Complaint was grounded in the specific facts of that unusual and highly attenuated claim, including Plaintiffs' failure to plead a claim against VWAG.

Instead of engaging with the Court's actual reasoning, Plaintiffs' Reply raises new arguments to try to prop up their request for the "extraordinary remedy" of reconsideration. *Hutchinson* v. *Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). None have merit, and Plaintiffs' motion for reconsideration should be denied.

At the outset, Plaintiffs now argue that their motion for reconsideration should be reviewed under Federal Rule of Civil Procedure 54(b), which permits a court to "revise[] at any

time" "any order or other decision . . . that adjudicates fewer than all of the claims." To consider that argument, the Court would need to overlook the Plaintiffs' characterization of their own motion, which sought relief "pursuant to Federal Rule of Civil Procedure 59(e)," *see* Plaintiffs' Motion for Reconsideration, ECF No. 49, as well as the legal authorities Plaintiffs relied on to make their argument, *see* Plaintiffs' Memorandum in Support of Motion for Reconsideration ("Pltfs' Mem.") at 4-5, ECF No. 50 (articulating the legal standard for relief under Rule 59(e)). But even if Plaintiffs' argument was properly presented, it is wrong. Plaintiffs ask the Court to reconsider its Order dismissing the complaint in its entirety. That Order did not "adjudicate fewer than all the claims" in this case, meaning it cannot be reconsidered under Rule 54(b). And although Plaintiffs contend that it is proper to grant relief under Rule 59(e) while their motion to amend is pending, they cite no decision granting reconsideration in that posture.

On the merits, Plaintiffs' reply rests almost entirely on a recent blog post by a law professor, not a judicial decision or other persuasive authority. Plaintiffs' reliance on this blog post is strange, as the professor refers to their case as a "stupid securities fraud lawsuit."[1] But even on its own terms, the professor's commentary suffers from many of the same errors as Plaintiffs argument, namely the failure to appreciate that VWGoA does not issue securities of any kind.

Plaintiffs' reply also attacks the Court's decision for somehow misapplying Section 20(a) of the Exchange Act, which creates joint and several liability for "person[s] who, directly or indirectly, control[] any person liable" for securities fraud. 15 U.S.C. § 78t. Plaintiffs forfeited any argument related to Section 20(a) by not raising it in their earlier brief. In any event, their argument is meritless. The Court's analysis of Plaintiffs' Section 20(a) claim came after its

---

[1] Ann Lipton, *There's No Joking in Securities Law*, Business Law Prof Blog (March 18, 2023), https://lawprofessors.typepad.com/business_law/2023/03/theres-no-joking-in-securities-law.html.

analysis of their Section 10(b) claim.  Memorandum Opinion and Order ("Op.") at 60, ECF No. 48.  And the Court's discussion of the "in connection with" requirement, which was the basis for the Court's dismissal of Plaintiffs' claim against VWGoA and the Individual Defendants, did not mention Section 20(a) at all.

With that argument set aside, Plaintiffs' reply rehashes their argument that VWGoA and the Individual Defendants can be held liable because the Court held that Plaintiffs' plausibly alleged that investors in unsponsored ADRs referencing VWAG's German-traded common stock would rely on VWGoA's draft and final "Voltswagen" press release.  But that argument ignores the Court's actual reasoning.  The Court dismissed Plaintiffs' claim because there was no connection between the "Voltswagen" marketing campaign and the *specific securities* at issue in this suit.  As the Court explained, "[w]ithout a plausible theory of liability ascribed to the issuer [*i.e., VWAG*], Plaintiffs' **purchase or sale of Volkswagen ADRs** cannot be said to 'touch[]' or 'coincide' with the alleged false statements of the Individual Defendants and VWGoA."  Op. at 52 (emphasis added).  Because Plaintiffs have not pled that **VWAG** committed securities fraud, Plaintiffs' motion for reconsideration should be denied.

## ARGUMENT

### I.   PLAINTIFFS' MOTION IS PROCEDURALLY IMPROPER.

Plaintiffs filed their motion for reconsideration "[p]ursuant to Federal Rule 59(e)," and argued that their motion satisfied the standards for reconsideration under that provision.  *See* Pltfs' Mem. at 3-4 (citing *Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819-20 (E.D. Va. 2019)).  In response, Defendants explained that, in this Court, " [r]elief under 59(e) is not warranted' when an 'action was dismissed without prejudice' and the plaintiff 'is free to file a new action.' " *Finn* v. *Spiker*, 2005 WL 4663687, at *1 (E.D. Va. Sept. 13, 2005), *aff'd*, 172 Fed. Appx. 509 (4th Cir. 2006).  That rule applies here, as Plaintiffs' Amended Complaint was

dismissed without prejudice and Plaintiffs have already moved the Court for leave to amend their pleadings.

To avoid that straightforward ground for denying their motion, Plaintiffs now argue that Rule 59(e) does not apply at all. According to Plaintiffs, "the more liberal standard of Rule 54(b)" applies here "because the Court's dismissal was without prejudice." Plaintiffs' Reply Memorandum of Law in Support of Motion for Reconsideration ("Pltfs' Reply") at 5, ECF No. 59. At the outset, that argument is plainly forfeited by Plaintiffs' failure to raise it before now. *See United States* v. *Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.").

Plaintiffs' argument also rests on a misreading of the Federal Rules. Rule 54(b) applies only to orders that do not resolve all of the claims in a case. *See Herndon* v. *Alutiiq Educ. & Training, LLC*, 2016 WL 9450428, at *2 (E.D. Va. Aug. 15, 2016) (citing Fed. R. Civ. P. 54(b)) (permitting a court to revise "any order or other decision, however designated, that adjudicates fewer than all the claims"). Here, the Court's Order dismissed *all* of Plaintiffs' claims for *every* defendant. Courts routinely apply Rule 59(e), not Rule 54(b), to motions seeking reconsideration of an order dismissing a complaint in those circumstances. *See, e.g.*, *Richardson* v. *Virginia Dep't of Corrections*, 2010 WL 1930111, at *1 (E.D. Va. May 12, 2010). Just because Plaintiffs' *motion* asks for relief only as to certain Defendants (*i.e.*, VWGoA and the Individual Defendants), Pltfs' Reply at 6-7, that does not mean that the Court's *decision* failed to resolve the entire case. Notably, Plaintiffs do not point to a single case applying Rule 54(b)'s standards to a motion seeking reconsideration of an ordering dismissing a complaint in its entirety.

Plaintiffs also contend that "[t]here is nothing improper about simultaneously filing a motion for reconsideration and a motion to amend." Pltfs' Reply at 6. But the two decisions

-4-

cited by Plaintiffs offer no support for that proposition.  In *Wilson* v. *B&B Properties*, 2021 WL 4583644 (D.S.C. Oct. 5, 2021), a *pro se* plaintiff filed a second motion for reconsideration under Rule 60(b) (not Rule 59(e)) alongside a motion to amend the complaint.  The court denied both motions in a few sentences.  Because there is no jurisdictional rule requiring a district court to consider the procedural issue before the merits, the court's denials say nothing about whether the motion was procedurally proper in the first place.  Similarly, in *Building Materials Corporation Products Liability Litigation*, 2013 WL 3337833 (D.S.C. July 2, 2013), a plaintiff simultaneously moved for reconsideration and moved to amend the complaint following a motion to dismiss.  The court granted the motion to amend, but denied the motion for reconsideration.  If anything, the decision highlights that a motion to amend is sufficient in these circumstances, as the district court deemed that reconsideration was unnecessary because "the deficiency in the Complaint identified by the court . . . has been cured by the terms of the Proposed Amended Complaint."  *Id*. at *7.

Simply put, Plaintiffs have no answer to decisions holding that their motion for reconsideration under Rule 59(e) is not properly before the Court.

## II.    PLAINTIFFS HAVE NOT IDENTIFIED CLEAR ERROR IN THE COURT'S OPINION.

In trying to show that the Court clearly erred in applying existing law to highly unusual facts, Plaintiffs' reply asks this Court to elevate internet commentary over judicial decisions and to consider new and meritless arguments that could have been raised in Plaintiffs' earlier brief.

Much of Plaintiffs' reply rests on a blog post by Professor Ann Lipton.  *See* Pltfs' Reply at 10-12.  That blog post was published on March 18, 2023, five days *before* Plaintiffs filed their motion for reconsideration.  If Professors Lipton's insights were truly sufficient to show

"clear error" by the Court, there is no reason they should have been raised for the first time in reply.

In any event, Professor Lipton's blog post hardly helps Plaintiffs' claim. *First*, her commentary is clearly driven by her normative disagreement with the law, not an attempt to apply the law as it currently exists. The most obvious example of this is her criticism of the "the artificiality of treating Volkswagen as distinct from its wholly-owned subsidiary." Whatever Professor Lipton may think of the "artificiality" of that distinction, that distinction is an irrefutable feature of securities law, as recognized by the Supreme Court in *Janus Cap. Grp., Inc.* v. *First Deriv. Traders*, 564 U.S. 135, 146 (2011) (noting the importance of "corporate formalities" to liability under Section 10(b)); *see In re Turquoise Hill Resources Ltd. Sec. Litig.*, 2022 WL 4085677, at *21 (S.D.N.Y. Sept. 2, 2022). Thus, Professor Lipton's views do not undermine this Court's well-reasoned analysis that it would "contravene *Janus* [to hold] that the statements of a non-publicly traded wholly-owned subsidiary and its employees may be actionable upon the parent issuer when the Amended Complaint fails to adequately plead that the alleged material misstatements may be attributed to the parent issuer." Op. 52.

*Second*, Professor Lipton's analysis of the "in connection with" requirement suffers from same defect as Plaintiffs': she fails to appreciate that VWGoA *does not issue any stock at all*. In her blog post, she rhetorically asks: "Why should VWGoA's liability for false public statements turn on whether [the] Volkswagen parent is liable?" and contends that the Court erred by considering the two issues related. But, as the Court properly understood, the only way to connect VWGoA's joke to a securities fraud suit based on unsponsored ADRs is through VWAG, which is the only Defendant that has issued common stock, although not in the U.S. securities markets. And, in any event, it bears repeating that in 2018, VWAG expressly withdrew its

sponsorship of ADRs.  To show that the Court was clearly wrong in its application of the "in connection requirement" as applied to unsponsored ADRs, Plaintiffs need to show that the Court ignored controlling precedent, not non-peer-reviewed legal commentary.

Apart from Professor Lipton's blog post, Plaintiffs' reply attempts to repackage their motion for reconsideration around VWAG's potential liability as a "control person" under Section 20(a) of the Exchange Act.  Specifically, Plaintiffs' argue that the Court's decision improperly conflated (i) "whether a corporate entity like VWAG makes a false statement for purposes of *Janus*" with (ii) "whether that company 'controls' the entity that made the false statement, for purposes of holding the corporate entity liable as a control person under §20(a) of the Securities Exchange Act."  *See* Pltfs' Reply at 7.  That argument is forfeited and incorrect.

In their brief supporting their motion for reconsideration, Plaintiffs argued that the Court erred because "*Janus* does not foreclose liability against individuals who issue false statements about a given security simply because the issuer of the security itself did not also make a false statement."  Pltfs' Mem. at 7.  That contention had nothing to do with Section 20(a)—in fact, the entire "Argument" section of Plaintiffs' brief did not cite Section 20(a) a single time.  Because Plaintiffs previously failed to raise any argument that the Court clearly erred by misapplying the legal standards of Section 20(a), they cannot do so for the first time in reply.  *See Al-Hamdi*, 356 F.3d at 571 n.8.

Plaintiffs' Section 20(a) argument is also wrong on the merits.  Liability under Section 20(a) is only appropriate when a plaintiff establishes a primary violation.  Op. 60 (citing *In re Massey Energy Co. Sec. Litig.*, 883 F. Supp. 2d 597, 627 (S.D.W. Va. 2012)).  But the Court held that there was no primary violation here because Plaintiffs had not satisfied the "in connection with" requirement for any Defendant.  And the Court's discussion of that issue did not cite to

-7-

Section 20(a) or apply any legal standards related to Section 20(a).  Plaintiffs cannot seek reconsideration on the ground that the Court somehow improperly conflated two issues that it clearly kept distinct throughout its opinion.

When Plaintiffs do mention the "in connection with" requirement, the only authority they cite is *SEC* v. *Pirate Investors LLC*, 580 F.3d 233 (4th Cir. 2009).  Pltfs' Reply at 9-10.  Defendants already explained why the specific factors identified in that decision—such as whether "securities purchases were necessary to complete [the] fraudulent scheme"—undermine Plaintiffs' claim.  *See* Defendants' Opposition to Plaintiffs' Motion for Reconsideration at 8-9, ECF No. 57 (quoting *Pirate Investors*, 580 F.3d at 237).  In reply, Plaintiffs argue that liability is appropriate under *Pirate Investors* solely because they alleged that the market responded to VWGoA's joke name change.  *See* Pltfs' Reply at 10.  But that does not resolve the Court's concern that Plaintiffs' failed to plausibly allege a connection between the joke and the *specific securities* at issue in this suit.  As the Court explained, "[w]ithout a plausible theory of liability ascribed to the issuer, Plaintiffs' ***purchase or sale of Volkswagen ADRs*** cannot be said to 'touch[]' or 'coincide' with the alleged false statements of the Individual Defendants and VWGoA."  Op. 52 (emphasis added).  Although Plaintiffs may wish to ignore that central part of the Court's decision, they cannot establish clear error without pointing to some controlling authority holding that a securities fraud plaintiff can pursue a claim, which would be unprecedented, based on unsponsored ADRs that reference a foreign company's stock *without* showing that the foreign company itself was liable for the fraud.  Plaintiffs have not done so.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' motion for reconsideration.

MCGUIREWOODS LLP

*/s/ Garrett H. Hooe*
Garrett H. Hooe (VSB No. 83893)
Gateway Plaza
800 Canal Street
Richmond, Virginia 23219
Tel: 804-775-1065
Fax: 804-698-2079
ghooe@mcguirewoods.com

SULLIVAN & CROMWELL LLP

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
125 Broad Street
New York, NY 10004
Tel: 212-558-4000
Fax: 212-558-3558
giuffrar@sullcrom.com
nelless@sullcrom.com

Laura Kabler Oswell (*pro hac vice*)
1870 Embarcadero Road
Palo Alto, California 94303
Tel: 650-461-5600
Fax: 650-461-5700
oswelll@sullcrom.com

Daniel J. Richardson (VSB No. 94961)
1700 New York Avenue NW
Washington, D.C. 20006
Tel:  202-956-7500
Fax:  202-293-6330
richardsond@sullcrom.com

*Counsel for Defendants Volkswagen AG, Volkswagen Group of America, Inc., Scott Keogh, and Mark Gillies*

April 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF filing system, which will send notification of electronic filing (NEF) to all counsel of record.

*/s/ Garrett H. Hooe*
Garrett H. Hooe (VSB No. 83983)
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:  804-775-1065
Fax:  804-698-2079
ghooe@mcguirewoods.com

*Counsel for Defendants Volkswagen AG, Volkswagen Group of America, Inc., Scott Keogh, and Mark Gillies*