**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| *In re Volkswagen AG Securities Litigation* | **Case No. 1:22-cv-00045-RDA-TCB** |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO
STRIKE OR ALTERNATIVELY FOR LEAVE TO FILE SUR-REPLY**

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .....................................................Error! Bookmark not defined.

**ARGUMENT**.................................................................................................................... 1

   **I.**   **PLAINTIFFS REPLY SHOULD NOT BE STRICKEN ..**Error! Bookmark not defined.

   **II.**  **A SUR-REPLY IS NOT WARRANTED**........................................................... 3

**CONCLUSION** ................................................................................................................ 4

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this memorandum in opposition to Defendants' Motion to Strike, or Alternatively for Leave to File Surreply ("Motion" (Dkt. No 61)). On April 13, 2023 Plaintiffs filed a reply in further support of their motion for reconsideration. While the reply was filed one day after the six-day deadline, the one-day delay in filing results in no prejudice to Defendants.  Plaintiffs respectfully request that the Court deny Defendants' Motion and treat the reply as timely filed.

In addition, Plaintiffs' reply raised no new arguments, and while it did cite to a blog post not cited in Plaintiffs' opening motion, the blog post raises no new legal arguments. The same is true with respect to the reply's discussion of Rule 54(b) and 20(a). Moreover, Plaintiffs' reply brief cites those rules in response to arguments Defendants make in their opposition to Plaintiffs' opening motion for reconsideration ("Opp." Dkt. No. 50)). Finally, Plaintiffs request that the Court deny Defendants' request to file a sur-reply, given that Plaintiffs' reply raises no new arguments.

## ARGUMENT

### I.    PLAINTIFFS' REPLY SHOULD NOT BE STRICKEN

Defendants assert that the Court should strike Plaintiffs' reply because it was filed one-day after the deadline under Local Rule 7(f)(1).  At the time Plaintiffs filed their reply, they were not aware that it was untimely, having been filed seven, (not six) days after Defendants' Opposition. Because the late filing is the result of Plaintiffs' excusable neglect, the Court should not strike it. "Relevant circumstances for determining excusable neglect are the danger of prejudice, length of delay, and potential impact, the reason for the delay, whether the delay was within reasonable control of the movant and whether the movant acted in good faith." *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 790 (E.D. Va. 2013). Here, the delay was minimal, there is no danger of prejudice,

and the delay causes no impact because of the procedural posture of this case. Neither did Plaintiffs act in bad faith in filing the reply one day late, not having realized their error until Defendants raised it in their Motion. Plaintiffs respectfully request that the Court consider Plaintiffs' reply timely filed. While Plaintiffs' one-day inadvertent delay was not beyond their control, the "Supreme Court has rejected a formulation of [Federal] Rule 6(b) that would have required movants to be 'sufficiently blameless' in order to warrant deadline extensions." *Palaxar Grp., LLC v. Williams*, 2014 WL 1089738, at *2–3 (E.D. Va. Mar. 19, 2014). Courts frequently deny motions to strike based on untimeliness under the circumstances present here. *See, e.g., Palaxar Grp. LLC v. Williams,* 2014 WL 1089378 at *3 (finding excusable neglect where one-day delay was result of inadvertence and was within movant's control); *Norton v. General Motors, LLC*, 2019 WL 3308393, at 4 (D. Sc. Apr. 10, 2019) (denying motion to strike pleading that was filed one day late and considering motion timely filed).

Next, Defendants assert that the Court should strike from Plaintiffs' reply, supposed material and arguments that Plaintiffs did not raise in their opening brief. But Plaintiffs raise no new arguments in their reply not already raised in their opening brief or Defendants' opposition brief.

First Plaintiffs citation to Rule 54(b) was in response to Defendants' assertion that a motion for reconsideration under Rule 59 is improper because the Court's dismissal was without prejudice. (Opp. at 3-4) In their reply, Plaintiffs pointed out that whether the Court considers the motion under Rule 54 or Rule 59 the Court's analysis would be the same because under Rule 54 the Court is guided by the same analysis as under Rule 59. *See, e.g., Evanston Ins. Co. v. Gayatree, Inc.*, 2013 WL 12097454, at *1 (E.D. Va. Aug. 19, 2013) (noting that plaintiff did not raise a "new argument" in its reply brief in support of its motion to dismiss because it responded to arguments raised by the defendant in its response brief). *Lismont v. Alexander Binzel Corp.*, 2013 WL

12098260, at *1 (E.D. Va. June 6, 2013) ("courts necessarily may consider new arguments in a movant's reply where those arguments address issues raised for the first time in the nonmovant's response.").

Second, Plaintiffs opening motion did in fact reference liability under 20(a), asserting that because the Court's Opinion held that the Complaint sufficiently alleges that VWAG controls VWGoA, the court should deny VWAG's motion to dismiss the 20(a) claim. (Dkt. No. 50 at 10). Moreover, the discussion in Plaintiffs' reply of 20(a) and *Janus* is directly in response to Defendants' assertion in their Opposition characterizing the Court's Opinion as being based on the "unprecedented theory of liability in the case" (Opp. at 4-5); and what Defendants characterize as the Court's supposed "understanding" that "it would undermine the legal distinction between corporations of and their subsidiaries if a plaintiff could pursue a claim based entirely on *statements* made by only a U.S. subsidiary but *securities* related only to a foreign parent." Opp. at 7 (emphasis in Opp.).

Third, Plaintiffs' citation to a blog post written by a law professor raises no new legal authority and no new arguments. As Plaintiffs' reply notes, the law professor's blog post *confirms* Plaintiffs' interpretation of the legal error in the Opinion, the analysis of which is plainly set forth in Plaintiffs' opening brief. (Dkt. No. 50 at p. 7).

## II.   A SUR-REPLY IS NOT WARRANTED

"Sur-replies are highly disfavored, as they usually are a strategic effort by the non-moving party to have the last word on the matter." *Lismont v. Alexander Binzel Corp.*, No. 2:12–CV–592, 2014 WL 12527239, at *3 (E.D. Va. May 23, 2014). In exercising its discretion as to whether to permit a sur-reply, "the court should consider whether prejudice will result from the court considering a new argument without the opposing party having an opportunity to respond." *Adams v. Applied Bus. Servs.,* 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019). Further, the court should not grant a request to file a sur-reply where the movant used their reply to support an argument made in their opening brief, or in response to new arguments in the opposing party's opposition brief. *Id.*

As explained above, the supposed new arguments which Plaintiffs raised in reply are not new, they were either raised in Plaintiffs' opening brief and/or Defendants' Opposition. Further, much of the text of the improper sur-reply Defendants attach as an Exhibit to their Motion is devoted to re-arguing the position set forth in their Opposition. Indeed, in the opening paragraphs to their sur-reply Defendants assert that "Plaintiffs reply brief ignores the unprecedented nature of their claim." (Dkt. No. 61-1 at 1.) *Compare,* Opposition at p. 1, 5 ("Plaintiffs are pursuing an unprecedented theory of securities fraud liability"; "The Court's analysis was grounded in the unprecedented theory of liability in the Complaint"). Accordingly, the Court should deny Defendants' request to file a sur-reply.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in its entirety and consider Plaintiffs' reply timely filed.

Dated: April 19, 2023

Respectfully submitted,


**THE ROSEN LAW FIRM, P.A.**

*/s/ Sara Fuks*
Sara Fuks (*pro hac vice)*
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
sfuks@rosenlegal.com


*Lead Counsel for Plaintiffs*

**THE LAW FIRM OF CARLTON F. BENNETT, PLLC**

/s/ Carlton F. Bennett
Carlton F. Bennett
120 South Lynnhaven Rd. Ste.100
Virginia Beach, VA
Tel: (757) 486-5454
cbennett@carltonbennettlaw.com

*Local Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, I cause the foregoing to be filed electronically with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to all registered users.

<u>/s/ Carlton F. Bennett</u>
Carlton F. Bennett
**THE LAW FIRM OF CARLTON F. BENNETT, PLLC**
120 South Lynnhaven Rd. Ste.100
Virginia Beach, VA
Tel: (757) 486-5454
cbennett@carltonbennettlaw.com

*Local Counsel for Plaintiffs*