IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE VOLKSWAGEN AG SECURITIES LITIGATION | ) <br> ) Civil Action No. 1:22-cv-45 (RDA/WEF) <br> ) <br> ) <u>CLASS ACTION</u> <br> ) <br> ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Lead Plaintiff Laszlo Rozsavolgyi's and Named Plaintiff Thomas Well's ("Plaintiffs") Motion for Reconsideration (Dkt. 49) and Defendants' Motion to Strike or in the Alternative to File a Sur-reply (Dkt. 60). Having considered Plaintiffs' Motion and Memorandum in Support (Dkt. 50), Defendant's Response in Opposition (Dkt. 57), Plaintiffs' Reply in Support of their Motion for Reconsideration (Dkt. 59), Defendants' Motion to Strike (Dkt. 60), Plaintiffs' Opposition to the Motion to Strike (Dkt. 66), and Defendants' Reply in Support of their Motion to Strike (Dkt. 68), it is hereby ORDERED that this Court DENIES WITHOUT PREJUDICE TO RENEWAL Plaintiffs' Motion for Reconsideration (Dkt. 49) and DENIES as MOOT Defendants' Motion to Strike for the reasons that follow.

## I. BACKGROUND

On March 14, 2023, following a full briefing and oral argument, the Court granted Defendants' Motion to Dismiss Plaintiffs' Amended Complaint in its entirety and without prejudice. Dkt. 48 (Memorandum Opinion and Order). In granting Defendants' Motion, this Court found that (1) Plaintiffs failed to state a plausible claim against Defendants under Section 10(b), because they did not sufficiently plead a plausible connection between the alleged false statements of VWGoA and the Individual Defendants and the securities at issue, and (2) Plaintiffs failed to

state a plausible claim against Defendants for control person liability under Section 20(a) because Plaintiffs did not establish a primary violation. Dkt. 48 at 52-60.

On March 23, 2023, Plaintiffs filed the instant Motion, seeking the Court's reconsideration of its Order dismissing the Amended Complaint. Dkt. 49. On April 6, 2023, Defendants filed a Response in Opposition, Dkt. 57, and on April 13, 2023 Plaintiffs filed their Reply, Dkt. 59. On April 17, 2023, Defendants filed a Motion to Strike Plaintiffs' Reply or Alternatively for Leave to File a Sur-Reply. Dkt. 60. Plaintiffs filed their Opposition to the Motion to Strike, Dkt. 66, on April 19, 2023 and Defendants filed their Reply on April 25, 2023. Dkt. 68.

## II. Motion for Reconsideration

Under Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court has the "sole discretion" to determine whether to grant a motion for reconsideration. *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997). However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted). The Fourth Circuit has recognized relief under Rule 59(e) in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (citations omitted).

Importantly, a Rule 59(e) motion does not permit any party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Sloan v. Childress*, No. 3:18-cv-260, 2020 WL 2501442, at *3 (E.D. Va. May 14, 2020), *aff'd* 827 F. App'x 348 (4th Cir. 2020) (citations omitted). "[I]f a party relies on newly discovered evidence

2

in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Pac. Ins. Co.*, 148 F.3d at 403 (citations and internal quotation marks omitted).

Plaintiffs' initial motion sought relief from this Court's judgment under Rule 59(e). Dkt. 50 at 3-5. However, Plaintiffs' Reply now seeks relief under "the more liberal standard" for reconsideration under Rule 54(b). Dkt. 59 at 5-6 ("The fact that Plaintiffs' Motion references Rule 59 as opposed to Rule 54 does not alter the substance of Plaintiffs' Motion, and the Court can (and should) treat the motion as a motion for reconsideration under Rule 54"). "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Gaske v. Crabcake Factory Seafood House*, LLC, JMC-18-2630, 2021 WL 3188007, at *6 (D. Md. Jul. 28, 2021) (internal citation and quotation marks omitted); *see also United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004) (declining to consider an argument first raised in a reply brief and noting that it "is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned"); *Crawford v. Newport News Indus. Corp.*, No. 4:14CV130, 2020 WL 13894411, at *3 (E.D. Va. Sept. 29, 2020) (declining to consider request for relief that was only asserted in the reply). In light of Plaintiffs' assertion that the Motion for Reconsideration should be governed by a different standard than indicated in their initial Motion, the Court will deny Plaintiffs' Motion for Reconsideration[1] without prejudice to renewal. Permitting Plaintiffs to refile their Motion will ensure that the parties and the Court have the benefit of full briefing of all of the issues raised by Plaintiffs. Plaintiffs are warned, however, that, in the future, they should raise all possible arguments and applicable legal standards in their opening brief so that they do not deprive the nonmovant of an opportunity to respond.

---

[1] As the Court has denied Plaintiffs' Motion for Reconsideration, Defendants Motion to Strike will be denied as moot.

3

IV. Conclusion

Accordingly, it is hereby ORDERED that Plaintiffs' Motion for Reconsideration (Dkt. 49) is DENIED WITHOUT PREJUDICE TO RENEWAL; and it is

FURTHER ORDERED that Plaintiffs are DIRECTED to file any renewed motion for reconsideration that includes all grounds for which they seek relief on or before March 29, 2024; and it is

FURTHER ORDERED that Defendants' Motion to Strike (Dkt. 60) is DENIED as MOOT.

It is SO ORDERED.

Alexandria, Virginia
February 14, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

4